IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| COLBY JEROME HALE, | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 5:12-CV-0354-MTT-CHW |
| HOUSTON COUNTY JAIL, et. al. | : | |
| Defendants. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |

**ORDER & RECOMMENDATION**

Plaintiff Colby Jerome Hale has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The undersigned previously granted Plaintiff's Motion to Proceed *in forma pauperis*, and Plaintiff has now paid a partial filing fee. Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed herein.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). Having now reviewed Plaintiff's Complaint (ECF No. 1), the undersigned finds that Plaintiff's excessive force claim against Sergeant Ryan Burleson should be allowed to proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that all other claims be **DISMISSED without prejudice**. See 28 U.S.C. § 1915A(b)(1).

**STANDARD OF REVIEW**

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir.

2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id.  In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff's claims arise out of an alleged incident of excessive force occurring on June 10, 2012. The Complaint alleges that Defendants Deputy McLeod, Sergeant Burleson and Nurse Dixon entered Plaintiff's cell to administer medication. Plaintiff then apparently made some comment to the nurse. Moments later, Sergeant Burleson charged into Plaintiff's cell and tasered Plaintiff multiple times, without cause or provocation. Defendant Deputy Thigpen then apparently entered the cell and removed the probes from Plaintiff, who was on the floor. Defendants Nurse Olsteen and Dixon were both aware of the incident, but did not offer Plaintiff immediate medical care. Defendant McLeod similarly refused Plaintiff's requests for his asthma inhaler. Ultimately, five hours would elapse before Plaintiff was taken for a medical examination and given his inhaler. According to the Complaint, Plaintiff is now suffering "lower back pain, erectile dysfunction, and hemorrhoids" as a result of the tasering incident. Plaintiff, however, does not claim to have had any difficulty breathing or other asthmatic symptom as a result of the incident or to have suffered any injury as a result of the five-hour delay in medical treatment.

These allegations, when read in a light most favorable to the Plaintiff, may be sufficient to support an excessive force claim against Defendant Sargent Burleson under 42 U.S.C. § 1983. It is thus **ORDERED** that service be made on Defendant Burleson and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant Burleson is reminded of his duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure

3

to waive service pursuant to Rule 4(d).

It is **RECOMMEDED**, however, that all other claims be dismissed *without prejudice* for failure to state a claim.[1]

###### A.   Excessive Force &/or "Failure to Intervene" Claims

Plaintiff's allegations against Defendants Dixon, McLeod, and Thigpen do sufficiently not describe any other Eighth Amendment violation.  Though Plaintiff alleges that other Defendants were present at or near the time of the attack, there are no allegations suggesting that any other individual actually participated in the assault or were otherwise in a position to intervene.  See Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L. Ed.2d 811 (1994); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003); Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir.1998).  As such, Plaintiff only alleges that Defendants Dixon and McLeod were present *before* the assault and that Defendant Thigpen was called to his cell *after* the assault.  Plaintiff's Complaint thus fails to state either an "excessive force" or "failure to intervene" claim against these Defendants.  See Terry v. Bailey, 376 F. App'x. 894, 896 (11th Cir. 2010).

###### B.   Delay of Medical Treatment Claims

Plaintiff's Complaint also fails to describe an unconstitutional delay in medical treatment. It is well-settled that "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). A constitutional violation only occurs where the alleged acts or omissions are "sufficiently harmful to evidence deliberate indifference to serious medical needs."  Hill v.

---

1 See Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice."); see also Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without* prejudice."(emphasis in original)).

DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

Here, Plaintiff's allegations to not suggest that he in fact had an "objectively serious medical need" – i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." See Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994); Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)); see also e.g., Hayward v. Kile, 2009 WL 2045925, at * 8 (S.D. Ga. June 12, 2009) (taser burn found not to be an objectively serious medical need). Nor does the Complaint allege that Plaintiff suffered any injury as a result of the five-hour delay of treatment. See Farrow, 320 F.3d at 1247; Nickens v. Anderson, 56 F. App'x 244, 245 (6th Cir. 2003) ("The three day delay in treatment was not excessive considering the nature of the injury."). In fact, according to the Complaint, when Plaintiff was finally taken to see the nurse, Plaintiff asked the nurse "why" he was there. (Comp. at 9). Plaintiff has thus failed to state a claim based on the delay in his medical treatment.

### C. Claims Regarding Prior Disciplinary Action

Plaintiff's remaining allegations likewise fail to state a claim. In his Complaint, Plaintiff complains that he was "locked down" on June 1, 2012 and falsely accused of threatening a nurse. Plaintiff, however, fails to link any named defendant to this claim. Moreover, "[t]he filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation." Owens v. Leavins, 2006 WL 2640275 at *6 (N. D. Fla. Sept. 13, 2006) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir.1986), cert. denied, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988).

### D. Claims Against Defendants Holt, Perry, Horne, and Rainy

Finally, though Plaintiff's Complaint names Defendants Holt, Perry, Horne, and Rainy as parties to this action, Plaintiff has made no allegations of wrongdoing against these individuals. The Complaint merely states that Plaintiff was medically evaluated by some of these Defendants on a prior occasion, May 27, 2012. It is entirely unclear how this allegation is related to any claims herein.

Indeed, it appears that Plaintiff would need to bring a separate action to pursue this claim. It is well settled § 1983 plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Plaintiff has failed to show a "logical relationship" between these allegations and his claims related to the incident occurring on June 10, 2012.

Pursuant to 28 U.S.C. ▪ 636(b)(1), Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. **Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings**.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.  Defendants shall not

commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It is further **ORDERED** and **DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain

obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 17th day of October, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge