IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **COLBY JEROME HALE,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:12-cv-354 (MTT) |
| | : | |
| **SERGEANT RYAN BURLESON,** | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| | : | |

### RECOMMENDATION

Before the Court is Defendant Ryan Burleson's Motion to Dismiss. Doc. 42. In the Motion, Defendant argues that the *pro se* civil rights complaint filed by Plaintiff Colby Jerome Hale should be dismissed pursuant to Rule 37 and Rule 41(b) of the Federal Rules of Civil Procedure. Id. Because Plaintiff failed to submit to a deposition and failed to prosecute his complaint diligently, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 42) be **GRANTED**.

On October 17, 2012, the Court issued an order providing instructions to the parties in this case. Doc. 11. In that order, the Court specifically advised Plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." Id. at 7. The order further advised Plaintiff that his "failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure." Id. at 8.

The record establishes that Plaintiff did not diligently prosecute his complaint and that Plaintiff refused to submit to deposition. On December 31, 2012, Defendant filed his answer, interrogatories, and requests for production of documents. Docs. 21, 33-1, 33-2. Plaintiff did not respond to either the interrogatories or the requests for production of documents within thirty (30) days as required under Rule 33(b) and Rule 34(b) of the Federal Rules of Civil Procedure. Plaintiff

also did not respond to a January 25, 2013 letter requesting to schedule Plaintiff's deposition in accordance with the Court's prior order. Doc. 33-3. In addition, Plaintiff did not respond to a February 5, 2013 letter attempting to secure Plaintiff's overdue responses to Defendant's interrogatories and requests for production of documents. Doc. 33-4. Although Plaintiff did not respond to Defendant's outstanding discovery requests or Defendant's request to schedule his deposition, Plaintiff did file other motions with the Court during this time period. Docs. 22, 25, 26.

On February 13, 2013, after receiving no response from Plaintiff, Defendant notified Plaintiff that Defendant unilaterally scheduled Plaintiff's deposition for 10:00 a.m. on February 27, 2013. Doc. 33-5. On February 26, 2013, Plaintiff telephoned Defendant's counsel and asked whether his deposition was "still on" for the following day. Doc. 33-6. Soon after Defendant's counsel informed Plaintiff that Defendant had scheduled a court reporter and that Defendant's counsel was prepared to proceed with Defendant's deposition on February 27, 2013, attorney Loletha Hale telephoned Defendant's counsel and advised Defendant's counsel that she planned to represent Plaintiff on a *pro bono* basis. Id. Based on his conversation with Ms. Hale, Defendant's counsel agreed to postpone Plaintiff's deposition and to give Ms. Hale one week to familiarize herself with the case and respond to Defendant's outstanding discovery requests. Id. On March 8, 2013, Defendant's counsel emailed Ms. Hale and requested that she file her entry of appearance, respond to all outstanding discovery requests by March 15, 2013, and schedule Plaintiff's deposition before the discovery period elapsed on April 1, 2013. Doc. 33-7. Plaintiff continued to file frivolous pleadings and duplicative motions on his own behalf both before and after Ms. Hale stated that she planned to represent Plaintiff. Docs. 29, 30, 31, 35.

On March 18, 2013, after receiving no response from either Ms. Hale or Plaintiff, Defendant filed a motion to compel discovery responses, or, in the alternative, motion to dismiss

and for attorney's fees. Doc. 33. The Court subsequently advised Plaintiff about his obligation to respond to this motion and the consequences that Plaintiff may suffer if he failed to file an appropriate response because Ms. Hale had not yet entered an appearance on his behalf. Doc. 34. The Court also ordered Plaintiff to respond to Defendant's motion to compel discovery responses, or, in the alternative, motion to dismiss and for attorney's fees before April 10, 2013. Id.

On April 11, 2013, Plaintiff filed his response in which he stated that Ms. Hale would not be representing him because of scheduling conflicts and that he would be "more than willing to reschedule" his deposition. Doc. 37. In addition, Plaintiff attached his untimely, incomplete responses to the interrogatories and the requests for production of documents that Defendant first requested on December 31, 2012. Docs. 37-1, 37-2. On April 15, 2013, Defendant sent Plaintiff a letter in a good faith attempt to resolve and clarify Plaintiff's insufficient responses to the interrogatories and the requests for production of documents. Doc. 42-2. Plaintiff did not respond to Defendant's April 15, 2013 letter, which remained unclaimed in Plaintiff's post office box until May 10, 2013. Doc. 42-3. Nonetheless, the Court denied Defendant's motion to compel discovery responses, or, in the alternative, motion to dismiss and for attorney's fees because Plaintiff responded, albeit belatedly, to Defendant's interrogatories and requests for production of documents, and because Plaintiff expressed his willingness to be deposed by Defendant. Doc. 38. The Court also extended the discovery period until May 31, 2013, consistent with Plaintiff's motion for extended discovery. Docs. 36, 39.

During the extended discovery period, Defendant continued to attempt to depose Plaintiff. Docs. 42-4, 42-5. On May 1, 2013, the parties mutually agreed to schedule Plaintiff's deposition for 10:00 a.m. on May 13, 2013. Id. Plaintiff failed to appear for his deposition at 10:00 a.m. on May 13, 2013, which resulted in Defendant paying the "no show" cost of $125.00 assessed by the

scheduled court reporter. Docs. 45, 45-1. In addition, Plaintiff never attempted to communicate with Defendant's counsel on the date of his deposition. Doc. 42-2. Plaintiff also never attempted to schedule any deposition whatsoever in this case, despite his prior representation to the Court that he needed additional time "in order to conduct depositions." Docs. 36, 42-4.

On May 24, 2013, Defendant filed the instant motion to dismiss in which Defendant argues that Plaintiff's complaint should be dismissed based on Plaintiff's failure to meaningfully respond to properly served discovery requests and based on Plaintiff's failure to appear for his deposition on May 13, 2013. Docs. 42, 42-1, 42-2, 42-4, 42-5. The Court once again advised Plaintiff about his obligation to respond to this motion and the consequences that Plaintiff may suffer if he failed to file an appropriate response. Doc. 43. Plaintiff filed a timely response, and Defendant replied to Plaintiff's response. Docs. 44, 45. Plaintiff's response does not dispute that he failed to appear for his deposition at 10:00 a.m. on May 13, 2013 or that he failed to provide complete responses to Defendant's interrogatories and requests for production of documents. Doc. 44. Instead, Plaintiff conclusorily asserts that Defendant is using "sleight of hand litigation and calculated moves of deception in order for a guilty man to get off without any punishment." Id. at 4.

Because the record in this case demonstrates that Plaintiff defiantly has refused to prosecute his complaint in a diligent manner, and because the record in this case further demonstrates that Plaintiff has failed to submit to a deposition despite the diligent efforts of Defendant to depose Plaintiff, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 42) be **GRANTED.**

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED**, this 18th day of September, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
